IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LASHUNDRA F. MOORE, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF GEORGE MOORE,
DECEASED                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION No. 3:08cv702 DPJ-JCS

ANIL PATEL, SLEEP INN HOTEL
CHOICE HOTELS INTERNATIONAL
AND JOHN DOES 1-7                                                                       DEFENDANTS

**ORDER**

This premises liability action is before the Court on Plaintiff's motion to remand filed pursuant to 28 U.S.C. § 1447(c). The Court, having fully considered the parties' submissions and the pertinent authorities, finds that Plaintiff's motion should be granted.

**I. Facts/Procedural History**

According to the Complaint, George Moore was shot and killed on or about July 20, 2008, while staying as a guest at the Sleep Inn Hotel in Jackson, Mississippi. Lashundra Moore, individually and on the behalf of the wrongful death beneficiaries of George Moore, sued Anil Patel, Sleep Inn Hotel ("Sleep Inn"), Choice Hotels International ("Choice Hotels"), and John Does 1-7 in the Circuit Court of Hinds County, Mississippi. Defendant Choice Hotels removed the matter based on diversity jurisdiction, and Plaintiff has now moved to remand. There is no dispute that the jurisdictional amount has been satisfied. The question is whether allegedly non-diverse defendants Patel and Sleep Inn were improperly joined to defeat diversity jurisdiction.

## II. Analysis

### A. Improper Joinder Standard

The improper joinder doctrine constitutes an exception to the plaintiff's traditional right to choose his or her own forum. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). However, a defendant faces a heavy burden in establishing improper joinder. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). The Fifth Circuit recognizes two methods of meeting this burden: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Actual fraud in the pleading of jurisdictional facts is not at issue in this case. Accordingly, the Court begins its analysis using the second method of inquiry, "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*

Under the second method, this Court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* However, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In making this determination, a district court should ordinarily resolve an improper joinder claim by conducting a Rule 12(b)(6)-type analysis. *Id.* The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of

2

substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally, "[t]here are cases, hopefully few in number, in which the plaintiff has stated a claim, but misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, the district court has the discretion to pierce the pleadings and conduct a summary inquiry. *Id.*

B.  Improper Joinder Analysis

Here, Defendant's notice of removal is based on the theory that Defendant Anil Patel was improperly joined to defeat diversity jurisdiction. Defendant alleges that the complaint lacks any factual allegations against Defendant Patel, who was at least the premises manager. Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. *Smallwood*, 385 F. 3d at 573. Here, the complaint alleges several grounds for recovery against Defendant Patel. Specifically, Plaintiff contends that all Defendants, Patel included, breached their joint, several, and collective duties to take adequate and reasonable precautions or measures to protect patrons of their hotel from foreseeable harm and danger. Complaint ¶ 15. Plaintiff further avers that each individual Defendant, whether jointly or severally, owed Mr. Moore an ordinary duty of care to provide reasonable security measures to protect him from foreseeable harm. Complaint ¶ 17. Plaintiff also claims that Defendants knew or should have known that the premises they owned and operated was located in an high crime area, and consequently the premises were not reasonably

safe for all patrons. Complaint ¶ 18. Finally, Plaintiff maintains that despite the unsafe conditions and inadequacies, Defendants failed to address the unsafe conditions and inadequacies. Complaint ¶ 19. Based on the aforementioned allegations, the Court finds that Plaintiff has sufficiently stated factual allegations that may entitle her to recovery.

Defendant next contends that there is no reasonable possibility of recovery against Patel as a matter of Mississippi law because premises managers are not subject to liability for the criminal acts of third-parties. As noted by the Fifth Circuit Court of Appeals, whether a manager may be held personally liable in a premises liability case is an open question under Mississippi law. *Smith v. Petsmart Inc.*, 278 F. App'x 377, 380 (5th Cir. 2008). Defendant argues that while cases like *Smith* may apply in the "slip and fall" context, they have no application to premises liability cases involving the criminal conduct of third parties. However, Defendant's authority for this argument does not directly address the distinction Defendant offers, and no Mississippi cases directly address the point.[1]

Because Mississippi has not resolved this issue, the Court finds that arguably, there exists "a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis*, 326 F.3d at 648 (ambiguities in controlling law must be resolved in favor of non-removing party); *see also Smith*, 278 F. App'x at 380; *Kelly v. Sailormen, Inc.*, Civil Action No. 3:08CV397 DPJ-JCS, 2008 WL 4531026, at *2 (S.D. Miss. Oct. 6, 2008) (following *Smith* and rejecting claim that restaurant manager was improperly joined to defeat diversity in premises liability case involving robbery of invitee); *Matthews v. Graoch Assocs.*, Civil Action No.

---

[1]The Court expresses no opinion as to whether Mississippi law should recognize such liability.

3:05-cv-626WS, 2006 WL 2805340, at *1 (S.D. Miss. Sept. 22, 2006) ("It is true that Mississippi law does not impose liability based merely upon managerial status, but it does recognize liability of a manager or employee for any direct acts of negligence.").[2]

      C.    <u>Plaintiff's Motion to Amend Complaint and Join Party Defendant</u>

Plaintiff seeks leave to join Sachchidanand, Inc. as a Defendant. However, the Court, having determined that it lacks jurisdiction over the matter, has no authority to rule on Plaintiff's motion to amend.

IT IS HEREBY ORDERED that Plaintiff's motion to remand is granted. This case is remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2009.

                                              <u>s/ *Daniel P. Jordan III*</u>
                                              UNITED STATES DISTRICT JUDGE

---

[2]Both parties have presented record evidence leading the Court to pierce the pleadings. In doing so, the Court finds a question of fact regarding the extent to which Patel–who incorporated the business, lives on the premises, and serves as its registered agent–exercised possession and control over the premises. *See e.g., Titus v. Williams*, 844 So. 2d 459, 466 (Miss. 2003) (noting that "liability, if any, attaches to the [lessee in possession] rather than [the absentee landlord]").